**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**EMMANUEL T. JOHNSON,**

                     **Plaintiff,**           **04-CV-632**
                                            **(GLS/DEP)**

                **v.**

**SGT. SNOW; W.B. CONNERS,**
_Corrections Officer_**; DAVID P.**
**HARDIN,** _Corrections Officer_**;**
**LYNNE KHAN,** _Registered Nurse_**;**
_and_ **SHERYL MILLER,** _Nurse_
_Practitioner_**,**

                    **Defendants.**

_____

**APPEARANCES:**                            **OF COUNSEL:**

**FOR THE PLAINTIFF:**

EMMANUEL T. JOHNSON
Plaintiff, _Pro Se_
98-B-1104
Wende Correctional Facility
P.O. Box 1187
Alden, NY 14004

**FOR THE DEFENDANT:**

HON. ANDREW M. CUOMO          DAVID FRUCHTER
New York State                    Assistant Attorney General
Attorney General
The Capitol
Albany, New York 12224-0341

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* ("Johnson") brings this action pursuant to 42 U.S.C. §

1983.  He alleges that the defendants violated his constitutional rights

under the Eighth Amendment by verbally and physically assaulting him,

and subsequently denying him adequate medical care for injuries he

sustained in that assault.[1]  (See Compl. ¶ 1, Dkt. No. 1)  Presently pending

is defendants' renewed motion for summary judgment (Dkt. No. 48)

seeking dismissal of defendants Khan, Miller and Snow as parties to this

action.  For the reasons that follow the motion is granted.

### II.  Facts[2]

Johnson claims that on November 21, 2002, he was beaten by

defendant Corrections Officers Conners and Hardin, who are not subject to

---

[1]Johnson's original complaint asserted causes of action arising under multiple statutory and constitutional provisions.  (See Compl., Dkt. No. 1)  The court subsequently limited Johnson's claims to those arising under the Eighth Amendment.  (See Dkt. No. 42)

[2]The court draws these facts from the respective 7.1 statements submitted in connection with the renewed motion for summary judgment.  (Dkt. Nos. 48:2, 51:1)  These facts are presented in a light most favorable to Johnson as the non-moving party.

this motion, while he was a prisoner at Clinton Correctional Facility

("Clinton").  (See Compl. ¶¶ 3-9, Dkt. No. 1)

Following this incident Johnson was escorted to the medical unit with

Sergeant Snow as the supervising escort officer.  (Pl. SMF ¶ 2, Dkt. No.

51:1)  Johnson alleges that, upon arrival, he was suffering from pain in his

right leg, his left ring finger and hand, which he could not close, and had

swelling in his hand and face.[3]  *Id.* at ¶ 4.  At the facility, defendant Khan,

who is a registered nurse, examined Johnson.  *Id.*  It is contended that this

examination was inadequate, in that Khan did not provide Johnson with a

finger splint, physically touch him during the exam, or order a follow up

exam or X-ray.  *Id.* at ¶¶ 4, 5.  Instead Khan provided Johnson with

ibuprofen, and told him to rest his left hand and right leg.  *Id.* at ¶ 5.  Two

subsequent examinations by Khan were also allegedly inadequate for

unspecified reasons.  *Id.* at ¶ 6.

After Khan's initial examination, Johnson was brought to the

Segregated Housing Unit ("SHU").  *Id.* at ¶ 7.  On November 22, 2002,

Nurse Practitioner Miller visually examined Johnson's hand as part of her

---

[3]Defendants dispute this, asserting that Johnson had no visible swelling, had full range of motion in his left ring finger and was ambulating without problems.  (Def. SMF ¶ 4, Dkt. No. 48:2)

3

SHU rounds.  *Id.*  Apparently, Johnson would not let her touch the hand because of the pain.  Id.  Johnson contends that, despite visible swelling and bruising around the ring and middle finger of his left hand and complaints of pain, Miller ignored his requests for a splint or X-ray.[4]  *Id.* at ¶¶ 7, 8.  Rather, she prescribed him three doses of Motrin a day over the course of a week.  *Id.* at 8.  She also allegedly stated "relax, when you assault officers you have to expect a little pain and [swelling]."  *Id.* at ¶ 8.

Miller next saw Johnson on December 3, 2002.  *Id.* at ¶ 9.  At that time Johnson reiterated his request for an X-ray of his left ring finger.  *Id.* Miller indicated that she would check with the radiology technician.  (Def. SMF ¶ 9, Dkt. No. 48:2)  After Johnson requested an X-ray again the next day, Miller spoke with the radiology technician, who indicated that he would arrange an X-ray appointment.  *Id.* at ¶ 10.  On December 16, 2002, Johnson was transferred out of Clinton to Upstate Correctional Facility ("Upstate"), apparently without having received an X-ray.  (Pl. SMF ¶ 11, Dkt. No. 51:1)  Once at Upstate, Johnson underwent an X-ray which revealed small chip fractures in his left hand.  (See Compl. ¶ 43 and attached Ex., Dkt. No. 1)  Johnson alleges that because of the delay in

---

[4]Miller contends that she noted no swelling or bruising of Johnson's hand, and that she did order an X-ray of his left ring finger on this date.  (Def. SMF ¶ 8, Dkt. No. 48:2)

4

receiving adequate medical care, he now has approximately 95% movement in his left hand.  *Id.* at ¶ 44.

### III.  Procedural History

On June 3, 2004, Johnson brought this action against Sergeant Snow, Lynne Khan and Sheryl Miller, among others.  (See Compl. Dkt. No. 1)  His complaint asserted claims for, *inter alia*, denial of medical care in violation of the Eighth Amendment.  *Id.*  On February 17, 2006, the State moved for summary judgment, seeking dismissal of the claims against certain defendants.  (Dkt. No. 27)  The motion was referred to Magistrate Judge David E. Peebles for report and recommendation.  Judge Peebles recommended that the State's motion be denied as to Snow, Khan and Miller.  (Dkt. No. 31)  After the parties filed their objections, the court adopted the report recommendation in part and denied it in part.  (Dkt. No. 42)  As relevant here, the court dismissed all claims against defendants Khan, Miller and Snow, other than those for denial of medical care.[5]  *Id.*

---

[5]The denial of medical care claims against Khan and Miller were retained because the State presented no substantive argument on their behalf in connection with its initial motion, asserting only that Johnson had failed to exhaust his remedies against them, which the court rejected.  (Dkt. No. 42)  As to Snow, the State objected that he could not be held liable on the denial of medical care claims, as he had no personal involvement in conduct giving rise to the claim and had no supervisory authority over Khan and Miller.  The court rejected this argument because the State failed to submit evidence demonstrating Snow's lack of supervisory status over Khan and Miller.  *Id.*

However, as per the court's order, the State was permitted to file a renewed motion for summary judgment as to defendant Snow. *Id.* Thereafter, on December 17, 2007, the State additionally sought leave to renew its motion for summary judgment as to defendants Khan and Miller, which the court granted. (Dkt. Nos. 44, 45)

## IV. Standard of Review

The summary judgment standard is well-established, and will not be repeated here. For a full discussion, the court refers the parties to its opinion in *Bain v. Town of Argyle,* 499 F. Supp. 2d 192, 194-95 (N.D.N.Y. 2007).

## V. Discussion

§ 1983 prohibits any person, under color of law, from depriving another "of any rights, privileges, or immunities secured by the Constitution and laws." 42. U.S.C. § 1983. A § 1983 claim alleging violation of Eighth Amendment rights always requires proof of two elements: "(1) that the deprivation alleged is 'objectively sufficiently serious' such that the plaintiff was denied 'the minimal civilized measure of life's necessities,' and (2) that the defendant official possessed a 'sufficiently culpable state of mind' associated with 'the unnecessary and wanton infliction of pain.'" *Trammel*

*v. Keane*, 338 F.3d 155, 161 (2d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Throughout the years, various permutations of the required showing have evolved through caselaw.  As relevant here, a prisoner must prove deliberate indifference to a serious medical need to establish a claim for denial of medical care.  *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).  Whether a medical need is serious is a fact specific inquiry, and courts should consider "whether 'a reasonable doctor or patient would find [the condition] important and worthy of comment,' whether the condition 'significantly affects an individual's daily activities,' and whether it causes 'chronic and substantial pain.'" *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).  Establishing deliberate indifference requires a showing of more than simple negligence.  *Farmer*, 511 U.S. at 835.  Rather, a defendant must exhibit disregard of a known and excessive risk to the prisoner's health or safety.  *Id.*

### 1.    Defendants Khan and Miller[6]

---

[6]Johnson has objected to the State's renewed motion for summary judgment as to defendants Khan and Miller.  He asserts that the court was in error in permitting such a motion because the doctrines of res judicata and collateral estoppel preclude relitigation of this issue.  Res judicata prohibits relitigation of causes of action that were or could have been raised in a

Johnson has failed to meet either prong necessary to establish an Eighth Amendment claim for denial of medical care as against Khan or Miller.

First, Johnson has failed to establish a serious medical need. His most serious injury was undoubtably to his left hand and ring finger. Yet numerous courts have held that such injuries are not sufficiently serious to implicate Eighth Amendment concerns. *See Harvey v. Goord*, No. 9:03CV838, 2006 WL 3729217, at *6-7 (N.D.N.Y. Dec. 18, 2006) (no § 1983 violation for failure to provide ice and painkillers, as infected finger was not a serious medical need); *Sonds v. St. Barnabas Hosp.*, 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001) (flesh wound to finger was not sufficiently serious injury to merit constitutional relief); *Henderson v. Doe*, No. 98 CIV. 5011, 1999 WL 378333, at *2 (S.D.N.Y. June 10, 1999) (broken finger was not serious medical need); *Rivera v. S.B. Johnson*, No. 95-CV-0845E(H), 1996 WL 549336, at *2 (W.D.N.Y. Sept. 25, 1996) (same). Even accepting that Johnson only has 95% use of his left hand,

---

prior action which concluded on the merits. Collateral estoppel prohibits the relitigation of issues which were necessarily decided in a prior action. However, where there has been no prior action, as in the current instance, neither doctrine applies. *See Muhammad v. Warithu-Deen Umar*, 98 F. Supp. 2d 337, 341-43 (W.D.N.Y. 2000) (setting forth the elements of res judicata and collateral estoppel).

and that this is somehow attributable to the medical care he received, the

condition cannot be considered serious for constitutional purposes.  *See*

*Bonner v. New York City Police Dept.*, No. 99 Civ. 3207, 2000 WL

1171150, at \*4 (S.D.N.Y. Aug. 17, 2000) (no serious medical need where

plaintiff was unable to close one of his fingers and had discomfort due to

allegedly inadequate treatment of his injured hand).

Johnson has also failed to show that Khan and Miller were

deliberately indifferent to his medical needs.  Such claims stem solely from

medical examinations which were not to Johnson's satisfaction, and the

failure to provide a splint or X-ray examination.  Nevertheless, Johnson

admittedly received some treatment after the alleged assault.  His injuries

were visually inspected by both Khan and Miller,[7] and he was provided pain

medication.  It would appear that Johnson simply disagreed with the course

of treatment which he was provided.  Accordingly, Johnson runs afoul of

the rule that a difference of opinion between a prisoner and medical staff as

to medical treatment does not establish deliberate indifference.  *See*

*Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998); *Dean v. Coughlin*,

---

[7]The court notes that, while Johnson complains that his hand was never physically examined, he rebuffed defendant Miller when she attempted exactly such an examination on November 22nd.

9

804 F.2d 207, 215 (2d Cir. 1986).  Indeed, delay or refusal to provide an X-ray examination- the crux of Johnson's claim- has been expressly targeted by the Supreme Court as an example of a discretionary medical decision which does not violate the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

In any event, to the extent Johnson's claims could be read as presenting anything more than a simple difference of medical opinion, they do not rise above the level of a non-cognizable claim for negligence or malpractice.  *Id.*  As such, the claims against defendants Khan and Miller must be dismissed.

### 2.    **Defendant Snow**

Under certain circumstances supervisors may be held liable for unconstitutional conduct in which they did not directly participate.  *See Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003) (listing circumstances under which supervisor will be liable pursuant to § 1983). Johnson clearly relies on this theory of liability in naming Snow as a party to the denial of medical care claim, as Snow had no personal involvement in any of the conduct giving rise to this cause of action.  However, in light of the court's prior discussion and the record evidence, the claim against Snow must be dismissed.

First, the court's finding that Khan and Miller committed no constitutional violation also exculpates Snow from whatever supervisory liability he might otherwise have incurred as a result of their conduct.

Additionally, even were there an underlying constitutional violation, Johnson has failed to adequately establish that Snow had supervisory authority over defendants Khan and Miller, or medical personnel in general.

In connection with its renewed motion, the State has submitted an affidavit by Steven Racette, Deputy Superintendent for Security at Clinton, indicating that Snow had no oversight or power over medical staff.  In opposing this affidavit, Johnson cites to N.Y. CORRECT. LAW § 137(6)(b) (McKinney 2008), which states, "the superintendent of a correctional facility may keep any inmate confined in a cell or room, ... for such period as may be necessary for maintenance of order or discipline, but ... [a]dequate sanitary and other conditions required for the health of the inmate shall be maintained."  Johnson contends that this provision somehow placed a responsibility on Snow to oversee medical personnel.  The court disagrees. This provision is clearly designed to provide prison officials with the ability to segregate troublesome prisoners, while enumerating certain minimal conditions to which the prisoner is entitled.  It in no way imposes responsibility upon a corrections sergeant for overseeing the conduct of

11

medical staff.  Accordingly, Johnson has failed to counter the State's evidence showing that Snow had no supervisory authority over Khan or Miller.  Thus, Johnson's claim against Snow must be dismissed.

## VI.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' renewed motion for summary judgment (Dkt. No. 48) is granted; and it is further

**ORDERED** that Johnson's denial of medical care claims against defendants Snow, Khan and Miller are dismissed; and it is further

**ORDERED** that the Clerk of the Court enter judgment in favor of defendants Snow, Khan and Miller and terminate them as parties to this action; and it is further

**ORDERED** that the Clerk of Court provide copies of this Order to the parties.

**IT IS SO ORDERED.**

Date: May 27, 2008
Albany, New York

Gary L. Sharpe
U.S. District Judge