U.S. DISTRICT COURT
N.D. OF N.Y
FILED
JAN 24 2011
LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| EMMANUEL JOHNSON | CIV 04-632 |
| Plaintiff, | |
| -vs- | |
| W.B. CONNERS and<br>DAVID P. HARDIN, | MEMORANDUM OPINION<br>AND ORDER |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The defendants, two prison guards, are accused by the plaintiff of having used excessive physical force against him in violation of the "cruel and unusual punishments" clause of the United States Constitution. The relevant statute is 42 U.S.C. § 1983. Pursuant to that statute, a prisoner (which plaintiff was and is) is required, unlike other §1983 claimants, to exhaust administrative remedies. 42 U.S.C. § 1997e(a). I find and conclude that Mr. Johnson did exhaust his administrative remedies and thus may bring his claims to United States District Court.

Johnson must show, by a preponderance of the evidence, that the defendants acted under color of state law, deprived him of a right protected by the Constitution of the United States or a federal statute, and that their conduct caused the injuries and damages claimed by him. There is no dispute in this case that the defendants were acting under color of stat law in performing their duties. As such, this element is established.

While a correctional officer may use necessary reasonable force, the Eighth Amendment prohibits the use of excessive force. When prison officials are accused of using excessive force, the core judicial inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. <u>Whitley v. Albers</u>, 475 U.S. 312, 320-321, 106 S.Ct. 1078, 1084-1085, 89 L.Ed. 2d 251 (1986).

The Eighth Amendment does not reach *de minimus* uses of physical force, provided that such use does not constitute force that is repugnant to what is called the conscience of man. There is no

1

need in the present case to delve into that subject since there is no question that the use of force against Mr. Johnson was not *de minimus*. He was struck five times with a baton and was taken to the floor and handcuffed by the prison guards who are defendants.

At one time, there was some debate as to whether the use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner has not suffered a serious injury. That question was answered in the affirmative in <u>Hudson v. McMillian</u>, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed. 2d 156 (1992). To put the matter more directly, the fact that there was no serious injury is nevertheless relevant to the Eighth Amendment inquiry. The very extent of the injury or injuries may be considered by the fact finder as one factor in deciding the core issue, as described above.

The facts in this case are largely undisputed. Johnson had been permitted to leave his cell to go to "chow." He was standing with other prisoners. Prisoners were always required to line up in pairs next to a red line painted on the floor. Johnson was ordered by defendant Hardin to move forward to the line and "line up." Johnson claims that he was "lining up" and not refusing to obey Hardin's orders. Hardin claims Johnson was refusing, more than once, to "line up." Whether he was or was not is not material since no force was used to remove Johnson to send him back towards his cell one floor above. The claimed excessive force was applied on another level of the building where Johnson's cell was located.

Johnson was neither handcuffed nor shackled when the force was applied. There was no evidence of any animus toward Johnson, other than the claims of the plaintiff that Hardin was being disrespectful and using profanity toward Johnson. There was no evidence of even such a claim of using profanity as to defendant Connors. Yet Johnson claims that Connors started the altercation by jumping on him from behind at a time when Hardin was one floor below. There was no credible evidence of anger or retaliation on the part of the defendants. In short, there was no evidence of any motive to apply excessive force. Neither of the officers knew Johnson before the incident in question. There was no evidence that Johnson had a bad reputation for being a troublesome inmate, much less that any such reputation was known to either defendant. There is no question that force was applied by striking Mr. Johnson five times with a baton and wrestling him to the floor to place him in handcuffs. There is no question that Johnson sustained a non-displaced fracture of a portion of the ring finger on the left hand. Exactly how he sustained such an injury is unclear from the evidence

since the baton was used on plaintiff's leg or legs.

Although Mr. Johnson claims to have sustained a permanent injury, there is no medical evidence to support such a claim. The written evidence, as will be detailed later, is all to the contrary. Johnson also claims to have suffered a psychological injury as a result of the incident. There is no evidence from any competent expert, such as a psychiatrist or psychologist, to support any such claim. There is no evidence of any treatment for any mental problems arising from this incident. The written evidence will be itemized later which shows that Mr. Johnson disclaimed a number of times any mental health problems and any need for mental health treatment.

Mr. Johnson claims he was "jumped" from behind by Connors, claiming that he did not know whether it was a guard or another prisoner and, therefore, he resisted Connors. This claim tells me that Johnson was heading back to the descending staircase (as is claimed by defendants) rather than toward his cell, as he had been told to do. Thus, there is no question that Johnson was disobeying a lawful order to return to his cell to be locked into the cell. Refusing to obey such an order and heading in the direction of another correctional officer is almost a guarantee that physical force will be employed to enforce the order and to prevent an attack on another guard, namely Hardin. Johnson had to have heard Hardin tell Connors to lock Johnson in his cell once Hardin had delivered Johnson to that cell block. Johnson would have known that an officer was always stationed in the cell block in a secure area providing visibility of the cells, and that one of Conners' duties was to place prisoners in lock-down.

The extent of Johnson's injuries was minimal, indicating that very little force was applied. The plaintiff here makes much of very little where the fracture is non-displaced and largely non comminuted. Such is one of many factors in deciding whether the force used was applied in an unconstitutional manner.

Mr. Johnson was surely not bashful in seeking medical services while a prisoner. He sought services very often. All his medical records were received in evidence and have been read and considered by the court. The records indicate that Mr. Johnson suffered neither a permanent physical injury nor a psychological injury as a result of the incident. Dr. Mitchell Rubinovich, an orthopedic surgeon, examined Mr. Johnson in June of 2003. He suggested that Mr. Johnson should be able to get back to "regular activities" with a good stretching program. (Ex. J7 at 38). Mr. Johnson sought treatment for a callous on his hand from lifting weights in May of 2006 and for a wrist sprain from

lifting weights in April of 2009 (*id.* at 85, 141). After an altercation in his cell on May 15, 2006, Mr. Johnson denied any other pain or discomfort other than that for which he was treated as a result of the altercation (*id.* at 85). This clearly shows that he was not suffering from his claimed excessive force injury and was able to resume normal activities. On July 5, 2006, Mr. Johnson reported that his current health problems were hemorrhoids and gas in a health screening inquiry, but mentioned nothing about his finger (*id.* at 92).

There are numerous examples in Mr. Johnson's medical records, all dated after the incident, where he specifically reported that he was not suffering from any physical health or mental health problems (*see id.* at 106, 109, 117, 126, 132, 134, 142, 147, 149, and 159). Additionally, Mr. Johnson often sought medical services for various ailments such as acne, hemorrhoids, and elbow pain, but failed to mention anything about his finger (*see id.* at 41, 44, 69, 80, 110, and 121).

The records clearly tell us that Mr. Johnson did not suffer a serious or permanent injury or suffer from mental health problems as a result of the incident. If his injury was as serious as he testified it was, he would have complained about it repeatedly.

The plaintiff has failed to meet his burden of proof to show by a preponderance of the evidence that the defendants used excessive physical force in violation of the cruel and unusual punishments clause of the Eighth Amendment to the Constitution. The evidence is to the contrary, namely that the force used was applied in a good faith effort to restore discipline and order and to return Mr. Johnson to his cell. There is absolutely no evidence that the force applied was applied maliciously or sadistically to cause harm to Mr. Johnson. Mr. Johnson caused the force to be applied to him and judgment should be entered in favor of the defendants and against the plaintiff.

This constitutes the findings of fact and conclusions of law from the court.

### ORDER

Based upon the foregoing findings of fact and conclusions of law, Judgment shall be entered by the Clerk of Courts in favor of the defendants without costs.

Dated this 24th day of January, 2011.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge